IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-649 (GMS) |
| | ) |
| 2K GAMES, INC.; 2K SPORTS, INC.; | ) **JURY TRIAL DEMANDED** |
| ROCKSTAR GAMES, INC. and TAKE- | ) |
| TWO INTERACTIVE SOFTWARE, INC., | ) |
| | ) |
| Defendants. | ) |

### ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants 2K Games, Inc. ("2K Games"), 2K Sports, Inc. ("2K Sports"), Rockstar Games, Inc. ("Rockstar") and Take-Two Interactive Software, Inc. ("Take-Two") (collectively, "Defendants") by and through their attorneys, answer Plaintiff Walker Digital, LLC's ("Plaintiff's") Complaint and assert defenses and counterclaims as follows:

### ANSWER TO PLAINTIFF'S COMPLAINT

#### GENERAL DENIAL

Unless expressly admitted below, Defendants deny each and every allegation Plaintiff has set forth in its Complaint.

#### RESPONSE TO PLAINTIFF'S SPECIFIC ALLEGATIONS

Answering the specific allegations of Plaintiff's Complaint, Defendants respond with the following paragraphs, which correspond sequentially to the paragraphs in Plaintiff's Complaint:

## JURISDICTION AND VENUE

1. Defendants admit that Plaintiff purports to bring a civil action for patent infringement arising under 35 U.S.C. §§ 100, *et seq*. Defendants deny any express or implied allegation within this paragraph that it has infringed, or is now infringing any patent.

2. Defendants admit only that subject matter jurisdiction is proper in this Court under 28 U.S.C.§ 1338(a). Except as expressly admitted herein, Defendants deny the allegations of paragraph 2 of the Complaint.

3. Defendants admit only that this Court has personal jurisdiction over Defendants for the purpose of this action. Except as expressly admitted herein, Defendants deny the allegations of paragraph 3 of the Complaint.

4. Defendants admit that venue is proper in the District of Delaware under Title 28 of the United States Code sections 1391 and 1400. Defendants deny that they have committed acts or continue to commit acts of infringement within this judicial district or elsewhere. Except as expressly admitted herein, Defendants deny the allegations of paragraph 4 of the Complaint.

## PARTIES

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and, on that basis, deny each and every allegation in that paragraph.

6. Defendants admit the allegations set forth in paragraph 6 of the Complaint.

7. Defendants admit the allegations set forth in paragraph 7 of the Complaint.

8. Defendants admit the allegations set forth in paragraph 8 of the Complaint.

9. Defendants admit the allegations set forth in paragraph 9 of the Complaint.

## FACTUAL BACKGROUND

*Walker Digital and the Patents*

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and, on that basis, deny each and every allegation in that paragraph.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and, on that basis, deny each and every allegation in that paragraph.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and, on that basis, deny each and every allegation in that paragraph.

13. Defendants admit that Plaintiff asserts two patents in this action. Defendants, however, are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the Complaint and, on that basis, deny those allegations in that paragraph.

14. Defendants admit that United States Patent No. 6,224,486 ("'486 patent") states on its face that it was issued on May 1, 2001 and is entitled "Database Driven Online Distributed Tournament System." Defendants also admit that Plaintiff purports to attach a copy of the '486 patent as Exhibit 1 to the Complaint. Except as expressly admitted herein, Defendants deny the allegations of paragraph 14 of the Complaint.

15. Defendants admit that United States Patent No. 6,425,838 ("'828 patent") states on its face that it was issued on July 30, 2002 and is entitled "Database Driven Online Distributed Tournament System." Defendants also admit that Plaintiff purports to attach a copy

of the '828 patent as Exhibit 2 to the Complaint. Except as expressly admitted herein, Defendants deny the allegations of paragraph 15 of the Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint and, on that basis, deny each and every allegation in that paragraph.

17. Defendants admit that Plaintiff filed a complaint for patent infringement on April 25, 2011 in the United States District Court for the District of Delaware. Defendants also admit that this complaint identified the '486 patent and '828 patent and also identified 2K Games, 2K Sports, Rockstar, and Take-Two as parties. Defendants admit that their registered agent was served with copies of the complaint on April 28, 2011. Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 17 of the Complaint.

***Defendants' Accused Products***

18. Defendants admit only that Take-Two and 2K Games publish the video game title "BioShock 2" within the United States. Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 18 of the Complaint.

19. Defendants deny each and every allegation of paragraph 19 of the Complaint. Defendants deny any express or implied allegation within this paragraph that they have infringed or are now infringing any patent.

20. Defendants deny each and every allegation of paragraph 20 of the Complaint. Defendants deny any express or implied allegation within this paragraph that they have infringed or are now infringing any patent.

21. Defendants admit only that Take-Two and 2K Sports publish the video game title "Top Spin 4" within the United States. Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 21 of the Complaint.

22. Defendants deny each and every allegation of paragraph 22 of the Complaint. Defendants deny any express or implied allegation within this paragraph that they have infringed or are now infringing any patent.

23. Defendants deny each and every allegation of paragraph 23 of the Complaint. Defendants deny any express or implied allegation within this paragraph that they have infringed or are now infringing any patent.

24. Defendants admit only that Take-Two and Rockstar publish the video game title "Red Dead Redemption" within the United States. Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 24 of the Complaint.

25. Defendants deny each and every allegation of paragraph 25 of the Complaint. Defendants deny any express or implied allegation within this paragraph that they have infringed or are now infringing any patent.

26. Defendants deny each and every allegation of paragraph 26 of the Complaint. Defendants deny any express or implied allegation within this paragraph that they have infringed or are now infringing any patent.

## CLAIMS FOR RELIEF

### First Count of Infringement
### The '486 Patent Against 2K Games

27. Defendants incorporate by reference each of their responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

28. Defendants deny each and every allegation in paragraph 28 of the Complaint.

29. Defendants deny each and every allegation in paragraph 29 of the Complaint.

30. Defendants deny each and every allegation in paragraph 30 of the Complaint.

## Second Count of Infringement
## The '828 Patent Against 2K Games

31. Defendants incorporate by reference each of their responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

32. Defendants deny each and every allegation in paragraph 32 of the Complaint.

33. Defendants deny each and every allegation in paragraph 33 of the Complaint.

34. Defendants deny each and every allegation in paragraph 34 of the Complaint.

## Third Count of Infringement
## The '486 Patent Against 2K Sports

35. Defendants incorporate by reference each of their responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

36. Defendants deny each and every allegation in paragraph 36 of the Complaint.

37. Defendants deny each and every allegation in paragraph 37 of the Complaint.

38. Defendants deny each and every allegation in paragraph 38 of the Complaint.

## Fourth Count of Infringement
## The '828 Patent Against 2K Sports

39. Defendants incorporate by reference each of their responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

40. Defendants deny each and every allegation in paragraph 40 of the Complaint.

41. Defendants deny each and every allegation in paragraph 41 of the Complaint.

42. Defendants deny each and every allegation in paragraph 42 of the Complaint.

## Fifth Count of Infringement
## The '486 Patent Against Rockstar

43. Defendants incorporate by reference each of their responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

44. Defendants deny each and every allegation in paragraph 44 of the Complaint.

45. Defendants deny each and every allegation in paragraph 45 of the Complaint.

46. Defendants deny each and every allegation in paragraph 46 of the Complaint.

## Sixth Count of Infringement
## The '486 Patent Against Take-Two

47. Defendants incorporate by reference each of their responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

48. Defendants deny each and every allegation in paragraph 48 of the Complaint.

49. Defendants deny each and every allegation in paragraph 49 of the Complaint.

50. Defendants deny each and every allegation in paragraph 50 of the Complaint.

### Seventh Count of Infringement
### The '828 Patent Against Take-Two

51. Defendants incorporate by reference each of their responses to paragraphs 1-26 of the Complaint as if fully set forth herein.

52. Defendants deny each and every allegation in paragraph 52 of the Complaint.

53. Defendants deny each and every allegation in paragraph 53 of the Complaint.

54. Defendants deny each and every allegation in paragraph 54 of the Complaint.

55. In response to Plaintiff's Prayer for Relief, Defendants deny that Plaintiff is entitled to any relief sought in Paragraphs (i) through (xviii).

### DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses set forth below, and in making such defenses do not concede that they bear the burden of proof as to any of them. Discovery has not yet begun in this matter. Accordingly, Defendants reserve the right to amend, modify, or expand these defenses and to take further positions as discovery proceeds in this matter.

## FIRST AFFIRMATIVE DEFENSE
### (Invalidity)

Upon information and belief, and without prejudice to further amendment upon information found during discovery, each claim of the patents asserted by Plaintiff is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

Defendants have not infringed and do not infringe any claim of the patents asserted by Plaintiff.

## THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

Upon information and belief, by reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications resulting in the issuance of the patents asserted by Plaintiff, namely, the admissions, representations, and amendments made on behalf of the applicants for those patents, Plaintiff is estopped from extending the coverage of the asserted claims in the asserted patents, including under the doctrine of equivalents, to cover the accused instrumentalities.

## FOURTH AFFIRMATIVE DEFENSE
### (Acquiescence, Estoppel, Waiver, or Laches)

Upon information and belief, Plaintiff has made claims that are barred in whole or in part by the doctrines of acquiescence, estoppel, laches, or waiver.

## FIFTH AFFIRMATIVE DEFENSE
### (Express or Implied License, Exhaustion)

Plaintiff has made claims for relief that are barred in whole or in part pursuant to actual licenses or under the doctrines of implied licenses or patent exhaustion.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief Can Be Granted)

Upon information and belief, Plaintiff has failed to state a claim against Defendants upon which relief may be granted.

### SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

To the extent Plaintiff seeks damages for alleged infringement more than six years prior to filing of this action, the relief sought by Plaintiff is barred by 35 U.S.C. § 286.

### EIGHTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

To the extent Plaintiff seeks damages for alleged infringement prior to its giving actual or constructive notice of the asserted patents to Defendants, the relief sought by Plaintiff is barred by 35 U.S.C. § 287.

### NINTH AFFIRMATIVE DEFENSE
### (Reservation of Remaining Defenses)

Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### COUNTERCLAIMS

In addition to its affirmative defenses, Defendants 2K Games, Inc. ("2K Games"), 2K Sports, Inc. ("2K Sports"), Rockstar Games, Inc. ("Rockstar") and Take-Two Interactive Software, Inc. ("Take-Two") (collectively, "Counterclaim-Plaintiffs") assert the following counterclaims against Walker Digital, LLC ("Counterclaim-Defendant").

## THE PARTIES

1. 2K Games is a corporation duly organized and existing under the laws of the State of Delaware, and its principal place of business is located at 10 Hamilton Landing, Novato, California 94949.

2. 2K Sports is a corporation duly organized and existing under the laws of the State of Delaware, and its principal place of business is located at 10 Hamilton Landing, Novato, California 94949.

3. Rockstar is a corporation duly organized and existing under the laws of the State of Delaware, and its principal place of business is located at 622 Broadway, New York, New York 10012.

4. Take-Two Interactive Software, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, and its principal place of business is located at 622 Broadway, New York, New York 10012.

## JURISDICTION AND VENUE

5. These Counterclaims arise under federal law, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

6. This Court has personal jurisdiction over Counterclaim-Defendant at least because it has submitted to the jurisdiction of this Court, including but not limited to filing its Complaint for Patent Infringement in this judicial district.

7. Venue is proper under 28 U.S.C. § 1391 at least by virtue of Counterclaim-Defendant's filing its Complaint for Patent Infringement in this judicial district.

8. On or about May 1, 2001, United States Patent No. 6,224,486 (the "'486 patent") entitled "Database Driven Online Distributed Tournament System" issued.

9. On or about July 30, 2002, United States Patent No. 6,425,828 (the "'828 patent") entitled "Database Driven Online Distributed Tournament System" issued.

10. Counterclaim-Defendant asserts that Counterclaim-Plaintiffs infringe the '486 patent. Counterclaim-Plaintiffs assert that the '486 patent is invalid. Counterclaim-Plaintiffs further assert that they have not infringed and are not infringing the '486 patent. Pursuant to 28 U.S.C. § 2201(a), an actual and justiciable controversy has arisen and exists between Counterclaim-Plaintiffs and Counterclaim-Defendant.

11. Counterclaim-Defendant asserts that Counterclaim-Plaintiffs infringe the '828 patent. Counterclaim-Plaintiffs assert that the '828 patent is invalid. Counterclaim-Plaintiffs further assert that they have not infringed and are not infringing the '828 patent. Pursuant to 28 U.S.C. § 2201(a), an actual and justiciable controversy has arisen and exists between Counterclaim-Plaintiffs and Counterclaim-Defendant.

12. Counterclaim-Plaintiffs are entitled to a judicial determination and declaration that they have not infringed and are not infringing the '486 and/or '828 patents, and that the '486 and/or '828 patents are invalid.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

13. Paragraphs 1-12 are incorporated by reference as if fully set forth herein.

14. On or about July 22, 2011, Counterclaim-Defendant filed its Complaint for Patent Infringement asserting that Counterclaim-Plaintiffs infringe the '486 and '828 patents.

15. Counterclaim-Plaintiffs have not infringed and are not infringing the '486 patent either literally or by application of the doctrine of equivalents.

16. Counterclaim-Plaintiffs have not infringed and are not infringing the '828 patent either literally or by application of the doctrine of equivalents.

17. Pursuant to 28 U.S.C. § 2201(a), and as a result of Counterclaim-Defendant's allegations against Counterclaim-Plaintiffs, an actual and justiciable controversy has arisen and exists between Counterclaim-Plaintiffs and Counterclaim-Defendant. Counterclaim-Plaintiffs are entitled to a judicial determination and declaration that they have not infringed the '486 and '828 patents.

## SECOND COUNTERCLAIM
(Declaratory Judgment of Invalidity)

18. Paragraphs 1-12 are incorporated by reference as if fully set forth herein.

19. On or about July 22, 2011, Counterclaim-Defendant filed its Complaint for Patent Infringement asserting that Counterclaim-Plaintiffs infringe the '486 and '828 patents.

20. The '486 patent is invalid for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112.

21. The '828 patent is invalid for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and/or 112.

22. Pursuant to 28 U.S.C. § 2201(a), and as a result of Counterclaim-Defendant's allegations against Counterclaim-Plaintiffs, an actual and justiciable controversy has arisen and exists between Counterclaim-Plaintiffs and Counterclaim-Defendant. Counterclaim-Plaintiffs are entitled to a judicial determination and declaration that the '486 and/or '828 patents are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiffs pray as follows:

A. That the Complaint be dismissed in its entirety with prejudice and that a Judgment be entered for Defendants;

B. That Plaintiff take nothing by reason of its Complaint

C. For a declaratory judgment that:

(i) Counterclaim-Plaintiffs do not infringe, either literally or by application of the Doctrine of Equivalents, any valid and enforceable claim of the '486 or '828 patents;

(ii) The '486 and '828 patents are invalid; and

(iii) Counterclaim-Defendant, its officers, servants, employees, agents, and attorneys, and all those in concert or participation with them, are without right or authority to threaten or maintain suit against Counterclaim-Plaintiffs, their present or prospective customers, agents, servants, or employees, or users of Counterclaim-Plaintiffs' products, for alleged infringement of the '486 and/or '828 patents;

D. For an injunction prohibiting Plaintiff, its officers, servants, employees, agents and attorneys, and all those in concert or participation with them who receive actual notice of the injunction, from initiating infringement litigation against and from threatening Defendants, their present or prospective customers, agents, servants, or employees, or employees, or users of Defendants' products, with infringement litigation or charging any of them either orally or in writing with infringement of the '486 and/or '828 patents, or representing to any of them that infringement has occurred, because of the manufacture, use, sale, or offer for sale of any of Defendants' products;

  E. That Defendants be awarded under 35 U.S.C. § 285 their attorneys' fees and costs of suit incurred in this litigation, as Plaintiff's conduct as set forth above renders this an exception case; and

  F. For such other relief as the Court deems proper.

## DEMAND FOR A JURY TRIAL

Defendants demand a jury trial, pursuant to Fed. R. Civ. P. 38(b), on all issues that may be tried by a jury.

          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

          */s/ Jack B. Blumenfeld*

          Jack B. Blumenfeld (#1014)
          Rodger D. Smith II (#3778)
          1201 North Market Street
          P.O. Box 1347
          Wilmington, DE 19899
          (302) 658-9200
          jblumenfeld@mnat.com
          rsmith@mnat.com

          *Attorneys for Defendants 2K Games, Inc., 2K Sports, Inc., Rockstar Games, Inc., and Take-Two Interactive Software, Inc.*

OF COUNSEL:

Edward J. DeFranco
Richard W. Erwine
Alexander Rudis
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
51 Madison Avenue
New York, New York 10010
(212) 849-7000

August 16, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Richard D. Kirk, Esquire
> Stephen B. Brauerman, Esquire
> BAYARD, P.A.

I further certify that I caused copies of the foregoing document to be served on August 16, 2011, upon the following in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>Stephen B. Brauerman, Esquire<br>BAYARD, P.A.<br>222 Delaware Avenue<br>Suite 900<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL* |
| Sandra C. McCallion, Esquire<br>Karen H. Bromberg, Esquire<br>Francisco A. Villegas, Esquire<br>COHEN & GRESSER LLP<br>800 Third Avenye<br>New York, NY 10022 | *VIA ELECTRONIC MAIL* |

Jack B. Blumenfeld (#1014)